**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARTINEZ RIVAS,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 2:26-cv-07900** |
| | : | |
| **MULLIN, *et al.*** | : | |

# ORDER

**AND NOW**, this 26th day of October 2026, upon consideration of Juan Carlos Martinez Rivas's petition for a writ of *habeas corpus* (DI 1) and the government's answer (DI 4), it is **ORDERED** that the petition is **GRANTED**. Therefore, the government shall **RELEASE** Mr. Martinez Rivas from custody immediately and certify compliance with this Order by filing a notice on the docket no later than 5:00 PM ET on Thursday, October 29, 2026. The Clerk of the Court shall CLOSE this case.[1]

**MURPHY, J.**

---

[1] We grant the petition for substantially the same reasons as in *Reyes-Navarro v. Jamison*, 2:26-cv-07095, DI 8 (E.D. Pa. Oct. 10, 2026), and *Sall v. Jamison*, 2:26-cv-07729, DI 6 (E.D. Pa. Oct. 15, 2026). Specifically, the government purports to detain Petitioner under 8 U.S.C. § 1226(a), which provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." As we explained in *Reyes-Navarro*, Section 1226(a) requires that the warrant be issued before any arrest. Here, the government cannot confirm when the warrant justifying Petitioner's arrest was issued and thus "assumes that it was after Petitioner's arrest" for present purposes. DI 4 at 20. Accordingly, because the government has failed to satisfy the pre-arrest warrant requirement of Section 1226(a) — the only basis on which it claims authority to detain Petitioner — we grant him habeas relief.